## WALLACE TONGKEAUKA v. STATE.

No. A-4181.  Opinion Filed Nov. 20, 1923.

(219 Pac. 963.)

(Syllabus.)

**Rape—Evidence Sustaining Conviction.** In a prosecution for statutory rape, evidence held sufficient to sustain the verdict, and that no reversible error was committed on the trial.

Appeal from District Court, Caddo County; Will Linn, Judge.

Wallace Tongkeauka was convicted of rape in the second degree, and he appeals. Affirmed.

Morgan & Osmond, for plaintiff in error.

George F. Short, Atty. Gen., and N. W. Gore, Asst. Atty. Gen., for the State.

DOYLE, J. This appeal is from a judgment of conviction rendered on the verdict of a jury finding appellant guilty of rape in the second degree and fixing his punishment at imprisonment in the penitentiary for a period of one year. The information charged that in Caddo county on the——— day of September, 1919, Wallace Tongkeauka, did feloniously have sexual intercourse with May Saukadota, a female person, who was then 14 years old, and not the wife of the said defendant.

The errors assigned are that the verdict of the jury is not sustained by sufficient evidence; that the court erred in admitting incompetent evidence; that the court erred in failing to properly instruct the jury on the law of the case.

It appears that the prosecutrix and the defendant are Indians, and that defendant was at the time charged a married man.

Prosecutrix in substance testified that in August, 1919, she attended a dance at Apache Jim's; that she left the dance with the defendant and went out to one side, and they had sexual intercourse; that in the month of September, 1919, the defendant came to her home and asked her to go to the fair at Carnegie with him; that she got in his car and went with him to the fair and that evening they went to his home and occupied the same bed that night, and he had sexual intercourse with her; that her age at that time was 14; that she had attended the Haskell Indian school that year. Her age was also shown by the records of the Indian agency offered in evidence to be 14 years at that time.

Her father testified that the defendant was a married man, and that he told him to stay away from his daughter; that in the month of September he saw the defendant and

his daughter in bed together in the big tent at the Indian camp near Carnegie.

There was no testimony offered on the part of the defense.

We have carefully examined the record, and not one of the errors assigned can be sustained. The testimony is such that it unquestionably supports the verdict, and there was no objection made or exceptions taken to the instructions given by the court. The record shows that the defendant had a fair trial. The judgment of the district court of Caddo county is accordingly affirmed.

MATSON, P. J., and BESSEY, J., concur.